

# THE ATTORNEY GENERAL
## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

November 5, 1971

*Overrule M-475 where conflicts*

Honorable Ned Price, Chairman
State Board of Insurance
1110 San Jacinto Boulevard
Austin, Texas

Dear Sir:

Opinion No. M-989

Re: Whether a school district
may purchase with public
funds insurance policies
providing described
coverage against bodily
injury and property
damage, and related
questions.

     In your recent letter you have requested the opinion
of this office on the following questions:

     1.  May a school district purchase with
public funds an insurance policy protecting the
district against claims for bodily injury, where
the coverage afforded by the policy is broader
than the liability imposed on the district by
the Texas Tort Claims Act because of exceptions
provided in that Act?  The proposed coverage is
limited to bodily injury liability only.

     2.  Whether a school district may purchase
with public funds an insurance policy protecting
the individual officers and employees of the
district while engaged in their official duties,
against tort claims for both bodily injury and
property damage.

     3.  Whether a school district may purchase

-4826-

with public funds an insurance policy protect-
ing persons not officers or employees of the
district against tort claims for bodily injury
and property damage.

Article 6252-19, Vernon's Civil Statutes, the Texas
Tort Claims Act, authorizes the purchase by school districts
of insurance to protect themselves against claims against
them brought under the provisions of the Act. The Act limits
those claims to damages for "personal injuries or death,"
commonly called "bodily injury" in insurance contracts.

In reply to your first question, our opinion is
that under Article 6252-19 a school district may legally
purchase insurance protection against claims against it for
bodily injury arising only from the risks recognized under
Section 3 of that Article even though the policy does not
expressly exclude those claims set out as exemptions in
Section 14 of that statute. We recognize that the Tort
Claims Act applies to school districts only insofar as it
concerns motor vehicles. Art. 6252-19, Sec. 19A.

We have reached this conclusion because of the
nature of a liability insurance policy, whereby the insurer
agrees to indemnify the insured for claims for which the in-
sured is legally liable. In any action brought under Article
6252-19 against a school district for damages arising from
bodily injury, any exemption provided by Section 14 must be
utilized as a defense. Department of Public Safety v. Great
Southwest Warehouses, 325 S.W.2d 493 (Tex.Civ.App. 1961,
error ref. n.r.e.). Whether the exemption is a valid defense,
under the facts of the case, would be a matter for judicial
determination. If the school district were held liable, it
would obviously be for the reason that the complained-of
tortious act did not fall within the exclusions listed in
the statute, and liability would be imposed under the general
provisions of the Tort Claims Act. We see no constitutionally
invalid use of public funds in this circumstance.

We recognize the difficulties that are faced by the
Insurance Commission, insurance carriers and units of governme

in writing insurance coverage for the exposures imposed by
the Tort Claims Act in the absence of special policies tailored
for governmental units.  The standard liability policies simply
are not, in our view, adequate vehicles for the special prob-
lems that exist.  This is not to say, of course, that any il-
legality arises from the use of standard policies, but their
continued use makes a difficult problem that much harder.  We
would also point out that the continued use of standard lia-
bility policies may well make the rate adjustment duties of
the Insurance Commission more burdensome than should reason-
ably be expected.  See Attorney General's Opinion M-546 (1969),
wherein we observed that the Commission has a duty under
Articles 1.04(b) and (c) and 5.01, Texas Insurance Code to
fix and maintain fair, reasonable, and just insurance premium
rates in accordance with its published rules and regulations
in this connection.  Therefore, regardless of the form of
policy used, we presume that one of the principal factors
considered in setting premium rates will be the risks to
which the governmental unit is exposed under the Texas Tort
Claims Act.

In your second question you inquire whether a school
district may legally purchase, with public funds, liability
coverage to protect its officers and employees, while engaged
in their official duties, against tort claims for both bodily
injury and property damage.

At the outset we would point out that officers and
employees of State agencies are authorized to have full auto-
mobile liability coverage purchased for them by the specific
language of Articles 6166z-10, 6252-19a, and 6674s-10, Vernon's
Civil Statutes. (We note that authority to expend appropriated
funds for this purpose is removed by the 1971-72 General Ap-
propriation Act.)  Further, by virtue of Section 9 of Article
6252-19, all units of government are authorized to purchase
insurance for the unit and its officers and employees, to
cover liabilities imposed by the Texas Tort Claims Act.  How-
ever, such officers and employees have an individual exposure
to liability for acts arising out of their official duties,
and this exposure is much broader in scope than the liability
imposed by the Tort Claims Act upon units of government.  We

consider that it would be an extremely rare circumstance where an employee's individual liability would be a problem other than in an automobile case, and for this reason will limit our discussion to the problem of purchasing automobile liability coverage for employees of school districts.

We have been unable to find any specific authority for school districts to purchase automobile liability coverage for their employees. On the other hand, we find no specific rule making such purchases improper, and it is our view that school districts have the implied authority to provide this coverage. We base this opinion on the fact that these units of government have the authority to set employee pay levels and that the purchase of insurance coverage by employers is a universally accepted element of employee salaries. Viewing the purchase of insurance as an element of employee compensation, on the same basis as pension plans, group life and group health and accident policies, we find no violation of Article III, Section 51, Texas Constitution. See Byrd v. City of Dallas, 118 Tex. 28, 6 S.W.2d 738 (1928); Friedman v. American Surety Co. of New York, 137 Tex. 149, 151 S.W.2d 570 (1941). You are accordingly advised that it is the opinion of this office that school districts may properly purchase necessary liability insurance for officers and employees of such units in the name of such employees or for the employees as a group, who are exposed to individual liability by virtue of their official duties. Attorney General's Opinion M-475 (1969) is overruled to the extent of its conflict with this holding.

Your third question asks about the incidental coverage that is provided for third parties by virtue of the omnibus clause of the standard Texas liability policies. In asking this question, you cite the example of driver training students who receive coverage by virtue of the fact that they drive school-insured cars with the permission of the school district.

Although we recognize how deeply ingrained the omnibus clause is in the insurance industry in Texas, it is our duty to take a strict view of the power of school districts to spread a mantle of protection further than that authorized

by Constitution and statute.  With regard to your specific question, the liability of school districts is limited by the Texas Tort Claims Act.  The actions of third parties do not impose liability upon these governmental units, particularly since we note that governmental vehicles may only be used by authorized governmental personnel.  In the specific example cited by you, school districts do not own driver education vehicles, but these cars are the property of local automobile dealers.  Omnibus clause coverage for student drivers would thus appear to be the responsibility of persons other than the school district.  You are accordingly advised that it is the opinion of this office that no school district may legally purchase liability insurance except to insure against risks that have been imposed on it by law because to do otherwise would constitute a gift or donation of public funds in violation of Article III, Section 51, Texas Constitution.

## S U M M A R Y

School districts may legally purchase insurance protection against claims for bodily injury arising out of only the risks recognized by Section 3 of Article 6252-19, Vernon's Civil Statutes, even though the policy does not expressly exclude those claims set out as exemptions in Section 14 of that statute.

As an element of government employees' compensation, school districts may properly purchase necessary liability insurance in the name of such employees who are exposed to individual liability by virtue of their official duties.

A school district may not legally purchase with public funds an insurance policy protecting persons not its officers or employees against tort claims for bodily injury and property damage.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Malcolm L. Quick
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Melvin E. Corley
Houghton Brownlee
Rex White
Dick Chote

SAM McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant